JAMES M. CARPLES, Respondent, *v.* CUMBERLAND COAL AND IRON COMPANY, Appellant.

Attachment — safe deposit box — when order authorizing sheriff to · open defendant's safe deposit box and levy upon property contained therein is properly granted.

1. Although a safe deposit company may own the building and vault in which a safe deposit box is located, and make and enforce rules relating to access to the box, this is for the purpose of securing safety for the customer rather than asserting possession of the box to which the customer has unquestioned access. The status of a safe deposit company is in some aspects that of a bailee but the customer's control and possession of a box is like that of a tenant having property in an office rented from the owner of a building.

2. Under the statute relating to a levy under a warrant of attachment it is the duty of a sheriff to take into his custody any property of the defendant capable of manual delivery. And where there was evidence to sustain a finding that defendant was the lessee of a safe deposit box in which was property subject to levy it was the duty of the court to aid the sheriff by an order permitting him to open the box and to take and keep such property as might be found therein which was subject to levy. A safe deposit box does not give property placed therein a status which renders it exempt from levy under a warrant of attachment.

3. If the property in the box is to be regarded as in the possession of the customer the order granted was right. If, on the other hand, the safe deposit company should be regarded as in some respects a bailee and having possession of the box it was still proper for the court to make such order which, with the levy of the sheriff thereunder, will be ample protection to the company as against the box holder.

4. A contention that such order authorized an unconstitutional and unwarranted " search and seizure " because of the similarity between a man's house and a safe deposit box is untenable. The affidavits in support of the application for the order justified the court in finding that there was in the safe deposit box property which was subject to levy, and there being no evidence to the contrary, the order authorizing the levy was properly made.

*Carples* v. *Cumberland Coal & Iron Co.*, 212 App. Div. 150, affirmed.

(Argued March 30, 1925; decided May 5, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 16, 1925, which affirmed an order of Special Term directing the sheriff of the county of New York to open defendant's safe deposit box and make a levy under a warrant of attachment on property therein.

The following questions were certified:

" 1. Is there any authority, either statutory or at common law, empowering the sheriff to break open the safe deposit box of the defendant herein, in aid of an attachment after a certificate of the contents thereof had been refused?

" 2. Does the breaking open of said safe deposit box, under such circumstances in aid of an attachment, and seizing such property liable to attachment as may be found therein, violate the defendant's constitutional right of security against unreasonable searches and seizures? "

*Edward A. Kenny* and *Leonard Acker* for appellant. There is no authority or warrant in law empowering the sheriff to break open an inclosure in aid of an attachment. (*Matter of Ehrich* v. *Root,* 134 App. Div. 432; *Sanford* v. *Richardson,* 176 App. Div. 199; *Krooks* v. *L. & C. Wise Co.,* 28 N. Y. Supp. 641; *Springfield Nat. Bank* v. *Breitung,* 180 App. Div. 406; *Stehli Silks Corp.* v. *Diamond,* 122 Misc. Rep. 666; *Castriotis* v. *Guaranty Trust Co.,* 229 N. Y. 74; *Curtis* v. *Hubbard,* 4 Hill, 437; *People* v. *Hubbard,* 24 Wend. 369; *Haggerty* v. *Wilber,* 16 Johns. 287; *Glover* v. *Whittenhall,* 6 Hill, 597.) Neither the moving papers nor the order appealed from specifies the property directed to be seized; the order as made, permitting, as it does, the breaking open of the safety deposit box and seizing such property liable to attachment as may be found therein, therefore, violates the defendant's right of security against unreasonable searches and seizures. (*Matter of Ehrich* v. *Root,* 134 App. Div. 432; *Sanford* v. *Richardson,* 176 App. Div. 199; *Castriotis*

v. *Guaranty Trust Co.*, 229 N. Y. 74; *Springfield Nat. Bank* v. *Breitung*, 180 App. Div. 406.)

*Stanley S. Groggins* for respondent.   There is authority, both statutory and at common law, which empowers the sheriff to break open the safe deposit box of a debtor in aid of an attachment, after a certificate of the contents thereof has been refused.   (*United States* v. *Graff*, 67 Barb. 304; *Washington L. & T. Co.* v. *Susquehanna Coal Co.*, 26 App. Cas. D. C. 149; *West Cache Sugar Co.* v. *Hendrickson*, 56 Utah, 327; *Tillinghast* v. *Johnson*, 34 R. I. 136; *Trowbridge* v. *Spinning*, 23 Wash. 48; *Gregg* v. *Hilson*, 8 Phila. 91.)   An attachment, in so far as it relates to chattels, differs in no wise from an execution as to the rights and duties of the officer in levying it.   (*Goll* v. *Hinton*, 8 Abb. Pr. 120; *Smith* v. *Orser*, 42 N. Y. 132; *Yerkes* v. *McFadden*, 141 N. Y. 136; *Rodgers* v. *Bonner*, 45 N. Y. 379; *Roth* v. *Wells*, 29 N. Y. 471; *Barker* v. *Binninger*, 14 N. Y. 270; *Cantrell* v. *Connor*, 6 Daly, 39; *Glover* v. *Whittenhall*, 6 Hill, 597; *Haggerty* v. *Wilber*, 16 Johns. 287; *Beekman* v. *Lansing*, 3 Wend. 446; *Westervelt* v. *Pickney*, 14 Wend. 123; *Green* v. *Burke*, 23 Wend. 490; *Burkhardt* v. *Sandford*, 7 How. Pr. 329.)   The breaking open of a safe deposit box in aid of an attachment, and seizing such property liable to attachment as may be found therein, does not violate the defendant's constitutional rights of security against unlawful search and seizure.   (*Boyd* y. *United States*, 116 U. S. 616; *U. S.* v. *Graff*, 67 Barb. 304; *Cantrell* v. *Connor*, 6 Daly, 39; *U. S.* v. *Stebbens*, 26 Vt. 644; *Tillinghast* v. *Johnson*, 34 R. I. 136; *Nelson* v. *Van Gaselle Mfg. Co.*, 45 N. J. Eq. 594; *Beekman* v. *Lansing*, 3 Wend. 446; *Haggerty* v. *Wilber*, 16 Johns. 287; *Glover* v. *Whittenhall*, 6 Hill, 597.)   The defendant company is not a party aggrieved by the order herein and is not entitled to appeal under section 557 of the Civil Practice Act. (*Foster* v. *Prince*, 8 Abb. Pr. 407.)

HISCOCK, Ch. J.   The plaintiff obtained a warrant of attachment against the property of the defendant, which was issued to the sheriff of New York county.   He claimed that a certain box in the vault of the Safe Deposit Company of New York was rented by defendant and contained property which was leviable under a warrant of attachment.   The Safe Deposit Company having refused to allow the sheriff access to the box for the purpose of making a levy and having refused to give a certificate of the contents of such box on the ground that it was without sufficient knowledge, plaintiff applied on notice to the Safe Deposit Company for an order directing the sheriff to open said box and to take and keep such property as might be found therein which was subject to levy.   While notice of said motion was served only upon the Safe Deposit Company the defendant voluntarily appeared on said motion and is now the only appellant from the order made as aforesaid.   Under these circumstances there have been certified to us the questions in substance whether there is any statute or common law empowering the sheriff to break open a safe deposit box of the defendant in aid of the attachment issued to him and whether any constitutional rights of the defendant will be violated by thus breaking open said box and seizing such property as may be liable to levy.

In the first place we desire to make it plain that one question argued by the defendant and another question which, under other circumstances might be argued, are not presented on this appeal.   It is urged that the court has no right to order such action as was authorized in this case and which may result in the destruction of the property of the Safe Deposit Company owning the vault. As we have stated, the Safe Deposit Company which alone would be interested in that question is not appealing here and, therefore, we have no occasion to consider the question suggested or to decide whether such an order as is here presented might, under some conditions,

involve such a destruction of the property of others as would not be tolerated.

Neither are we concerned with the question whether a safe deposit company should be protected as against its customer by notice to such customer of such an application for leave to open his box as was presented here. Apparently actual notice of the motion was given to the customer and it appeared upon the motion. Therefore we come simply to the questions which have been certified as they arise between the plaintiff and the defendant, and the preliminary one of appellant's right to appeal.

We shall not review at length the affidavits presented in behalf of the plaintiff and in behalf of the defendant on the motion to require the sheriff to open the box and by which these questions are to be determined. We shall content ourselves with the simple statement that in our opinion such affidavits permitted the court to find as it necessarily did that the box in question had been rented by the defendant acting through its officers and that, presumably, at the time in question there was property contained therein which was subject to levy under the warrant of attachment.

While it is challenged, we think that the defendant is a party aggrieved by the order which has been made, within the provisions of our statute and that it, therefore, has a right to appeal. It is really the only party which is substantially interested. It appeared upon the original motion, and if the order there made does improperly and unconstitutionally permit the sheriff to break into its safe deposit box we think it quite clear that its rights have been intruded upon in a manner which constituted a substantial grievance and gave it the right to take the appeal.

Coming to the merits, we think that the order complained of was a proper one for the court to make. Under the statute relating to a levy under a warrant of attachment it became the duty of the sheriff to take into his custody any property capable of manual delivery such

as it is claimed that there was in this case. Under this statutory duty that officer was authorized to do anything which might be lawfully incidental to its discharge and it was the duty of the court where necessary to aid him by a proper order. A safe deposit box does not give property placed therein a status which renders it exempt from levy under a warrant of attachment. It is true that there has been much discussion of the relationship between safe deposit companies and their box customers and of the question whether property thus placed is in the possession and control of the safe deposit company or of the customer (*National Safe Deposit Co.* v. *Stead,* 232 U. S. 58, 67) and very possibly different answers may be made to this question on a consideration of the circumstances under which it arises and of the purposes for which it is being asked. We do not deem it necessary to determine it with exactness in this case. There is no doubt that the Safe Deposit Company has a general and surrounding control and possession of the box. It owns the building and the vault in which the box is located and makes rules for the customer's access to the box which generally require the assistance of the company in opening it. This possession and control, however, is exercised for the purpose of securing a greater safety for the customer rather than of asserting possession as against him of the contents of the box to which, under proper rules and regulations, he has unquestioned and unqualified access. While the status of the Safe Deposit Company is, therefore, in some aspects that of a bailee, the customer's control and possession of his box is not much different than would be the control and possession by a tenant of property in an office which he had rented from the owner of the building. (*National Safe Deposit Co.* v. *Stead, supra; Moller* v. *Lincoln Safe Deposit Co.,* 174 App. Div. 458; *People* v. *Mercantile Safe Deposit Co.,* 159 App. Div. 98, 101, 102.)

But however we may estimate the relative rights and

possession of Safe Deposit Company and customer as between themselves it was perfectly proper for the court so far as this aspect is concerned to make the order in question. If the property in the box is to be regarded as in the possession of the customer the order was perfectly right. And if on the other hand we regard the Safe Deposit Company as in some respects a bailee and having possession of the box it was still proper for the court to make the order which it did and which, with the levy of the sheriff thereunder, will be ample protection to the company as against the defendant. (*Bliven* v. *Hudson River R. R. Co.*, 36 N. Y. 403; *Scrantom* v. *Farmers' & M. Bank of Rochester*, 24 N. Y. 424, 427; *MacDonnell* v. *Buffalo L., T. & Safe Deposit Co.*, 193 N. Y. 92, 106; *Roberts* v. *Stuyvesant S. D. Co.*, 123 N. Y. 57; *Stief* v. *Hart*, 1 N. Y. 20; *U. S.* v. *Graff*, 67 Barb. 304; *Burton* v. *Wilkinson*, 18 Vt. 186.)

Finally it is urged that the order authorizes an unconstitutional and unwarranted " search and seizure " and in amplification of this contention appellant seeks to draw some analogy between a man's house and a safe deposit box. We are unable to see any pertinent analogy between a man's home which is protected by Constitution and decisions from invasion for the purpose of serving civil process, and a disconnected depository in which he has stored his property, whether a barn, a warehouse or a safe deposit box. Furthermore the order complained of does not provide for any such exploration and search as were condemned in the cases cited by appellant. As we have stated, the affidavits justified the court in finding that there was in this box property which was subject to levy and the defendant not enlightening the court as to what these articles of property were, the order was made permitting the sheriff to take and keep such property as was subject to levy under attachment and to return all papers and correspondence to the defendant. The provisions of the statute specify the property which

is subject to levy and the order did not authorize the sheriff even to keep such papers as might relate to such leviable property. With the least intrusion possible a levy was authorized and it was not an authorization of an unreasonable search that the sheriff was incidentally permitted or required to make such examination of the contents of the box as would enable him to separate leviable property from the remaining contents. It would be unfortunate if a court could not authorize and the sheriff perform such acts as these. If a debtor could withdraw his property from the reach of creditors by simply placing it in a safe deposit vault, avoidance of responsibility for obligations would be made easy, and a broad and easily accessible highway opened for escape from an effective administration of the law. (*Burton* v. *Wilkinson, supra; U. S.* v. *Graff, supra.*)

We think that the order should be affirmed, with costs, and of the questions certified the first one should be answered in the affirmative and the second one in the negative.

CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Order affirmed.