C. V. WELLS v. R. E. COLE.
FIRST NATIONAL BANK & TRUST COMPANY OF MINNEAPOLIS, GARNISHEE.[1]

April 12, 1935.

No. 30,225.

[1]Reported in 260 N. W. 520.

276

*David London,* for appellant.

*Marshall S. Snyder,* for defendant-respondent.

*Junell, Driscoll, Fletcher, Dorsey & Barker,* for garnishee-respondent.

*Louis Sachs, amicus curiae,* filed a brief in support of the contention of appellant.

DEVANEY, CHIEF JUSTICE.

This action involves the sole question of whether the contents of a safety deposit box are subject to garnishment. The situation here is that which usually prevails in the case of banks and other concerns which own safety deposit boxes and rent or hire them out to depositors. The usual safety deposit box is controlled by a double lock which can be opened only by the simultaneous use of two different keys, one a guard or master key retained by the bank, the other a key delivered to the depositor at the time that he rents the box. The bank cannot gain entrance to the box without the key which the depositor has in his possession except by forcefully breaking in with instruments or by burning through the steel with a torch. The bank retains no duplicate of the key given the depositor. Similarly, the depositor has no access to the box without the bank's guard key, which is inserted by one of the bank's attendants each time entrance is desired. Before the depositor can get into the room where his box is he must identify himself by his signature and by other means.

In this case the parties entered into a contract. It is titled a "Safe Deposit Box Lease." Under it the depositor pays "a rental of $5.00 a year"; the bank "leases to the renter and the renter leases from the company"; the box is "the leased property of the renter and under his sole control"; the sole liability of the company is to exercise reasonable care to prevent others from entering the box; the bank agrees to keep no key that opens the box; provisions are incorporated for termination of the lease; it is specifically provided that the company shall have the right to deny access on any garnishment proceeding; and that the relationship between the company and the depositor shall not be that of bailor and bailee.

The case came up below on an order to show cause why the garnishment proceedings, whereby plaintiff attempted to reach the contents of defendant's safe deposit box, should not be dismissed, or, if said motion be denied, for an order releasing defendant's safety deposit box from garnishment. After a hearing the court made an order granting the motion to release the safe deposit box from garnishment. It is from this order that plaintiff appeals.

2 Mason Minn. St. 1927, § 9358, provides that the garnishee, under proper proceedings, must disclose "any property or money of the defendant in his possession or under his control." Section 9359 states that the service of summons on the garnishee binds "all the property and money in his hands or under his control belonging to the defendant." Section 9360 prescribes what property is subject to garnishment. Obviously, if the property in a safety deposit box is in the possession of or under the control of the bank it is subject to garnishment under the above statutes; otherwise it is not.

The three terms used in our statute are "in his possession," "under his control," and "in his hands." We shall not attempt to define these terms. Nor shall we attempt to decide this case by defining the word "possession" in terms of common law, for it has variable meanings, depending upon the circumstances in which it is used. We here look to the general legislative intent behind this statute. It was enacted primarily to enable a creditor to reach those intangible claims and debts which a third person owes the party defendant. Under the statute a garnishment reaches also any property held by such a third person belonging to the defendant. But we do not believe that the legislature intended primarily to allow garnishment in cases where the subject matter could be reached by other means. Rather the legislature intended to permit a plaintiff to reach a debt or intangible obligation which could not be reached by other means. The legislature meant by the use of these terms, we believe, to exclude such a situation as is presented in the case at bar, where the bank does not have, under its contract, the right to interfere with the safety deposit box and cannot open it without the depositor's key.

Much of the argument here has been devoted to the question of whether or not the bank is a bailee. We believe the relationship here is not that of bailor and bailee because the bank does not have possession and control of the contents of the box. Possession in the bailee is an essential element of a bailment. We believe the relationship established is that of lessor and lessee. The relationship assumed is the same as that which exists where one person rents from another an apartment in a big apartment building or an office in an office building. In all such cases the lessor retains control of the avenues of access. In an office building, for instance, a person may not be able to get in after a certain hour of the night without being identified; yet no one questions but that the renter of the office who seeks entrance at such an hour is in possession of the contents of his office. Control of the avenues of access does not give one possession.

"In its ordinary as well as legal meaning, possession is control, custody, and charge. It implies a purpose and capacity to exercise corporal contact, to the exclusion of others. There must be the physical possibility of dealing with the thing as the possessor likes, and for him to be alone in its use. * * * Under this test of possession cases holding that a bank is a bailee of a rented deposit box and its contents seem ill considered and to disregard the plain facts. * * *

"One who rents his building reserving a room kept under lock and key remains the exclusive occupant of the room, although he keeps no key to the building. A lessee of an apartment or office in a building to which the owner retains control of the entrances is in possession of the leased space, even if he may reach it only by elevators run by the owner's servants or may enter the building only by passing a porter's guard. And there would be no loss or lessening of possession if the owner had a key to the apartment or office for entrance for certain purposes incidental to the lease. If physical control is not absolute in such cases, its exclusiveness is enhanced. The mere fact of hiring the service or property of others to maintain and secure possession does not destroy or impair it, and

much less does it transfer possession to the person hired. If the user's control over his box is partly dependent upon the free exercise of his right of access to it, interference with the right does not put the bank in possession. Only by the wrong of breaking into the compartment of the box may the bank, lacking the user's consent, obtain possession. And for the bank thus to take possession is as wrongful as for it to break into the user's office and take whatever is found there. If in some situations the exclusion from possession may amount to taking possession, the loss of access to a bank box is not one of them. The circumstantial arrangements are such as to preclude it as a fact. And in any view, until the right of access is disturbed, there is no disturbance interfering with the user's possession." Dupont v. Moore, 86 N. H. 254, 259, 260, 166 A. 417, 420, 421.

In Carples v. Cumberland C. & I. Co. 240 N. Y. 187, 192, 148 N. E. 185, 186, 39 A. L. R. 1211, the New York court of appeals said:

"While the status of the Safe Deposit Company is, therefore, in some aspects that of a bailee, the customer's control and possession of his box is not much different than would be the control and possession by a tenant of property in an office which he had rented from the owner of the building."

See also People v. Mercantile Safe Deposit Co. 159 App. Div. 98, 101, 143 N. Y. S. 849.

The authorities are in conflict as to whether the contents of a safety deposit box are garnishable. Perhaps the greater number of the decided cases have allowed garnishment on the theory that the bank has possession and control. We do not choose to follow them. The cases are collected in notes in 11 A. L. R. 225; 19 A. L. R. 863; 39 A. L. R. 1215; 11 Minn. L. Rev. 440.

Affirmed.