# MARJORIE KOHLSAAT v. FIRST NATIONAL BANK OF ST. PAUL.[1]

July 2, 1948.

No. 34,598.

*Oppenheimer, Hodgson, Brown, Donnelly & Baer* and *Benno F. Wolff,* for appellant.

[1]Reported in 33 N. W. (2d) 712.

*Bundlie, Kelley, Finley & Maun* and *Mandt Torrison,* for respondent.

*McCabe, Gruber, Clure, Donovan & Crassweller* filed a brief as *amici curiae* on behalf of Duluth Clearing House Association.

*Fowler, Youngquist, Furber, Taney & Johnson* and *Ralph H. Comaford* filed a brief as *amici curiae* on behalf of Minnesota Bankers Association and Minnesota Safe Deposit Association.

*Leavitt R. Barker, Loring Staples, Dorsey, Colman, Barker, Scott & Barber,* and *Faegre & Benson* filed a brief as *amici curiae* on behalf of First National Bank of Minneapolis, Northwestern National Bank of Minneapolis, Midland National Bank of Minneapolis, American National Bank of St. Paul, Empire National Bank and Trust Company of St. Paul, and Midway National Bank of St. Paul.

THOMAS GALLAGHER, JUSTICE.

Plaintiff, trustee under a testamentary trust established by the last will of John H. Bullard, who died December 29, 1916, brought this action to obtain possession of certain securities and property alleged to belong to said trust and held in a safe-deposit box on defendant's premises in St. Paul, and for damages for the wrongful detention thereof.

The safe-deposit box was leased by defendant to Caroline D. Bullard as an individual on February 8, 1938, under an agreement which provided:

"1. The relation of the Bank and the renter is hereby agreed to be that of landlord and tenant. The Bank shall, under no circumstances, except as provided in Section 11 of this lease, be considered as a bailee or otherwise in possession of the contents of rented safes. * * *

"2. Except as hereinafter provided, no one shall have access to said safe except the renter or his attorney-in-fact (hereinafter called 'deputy'), or, in case of death, legal disability or insolvency of the renter, then his legal representatives. * * *

* * * * *

"9. The Bank will retain no key or combination that will open any rented safe. * * * The Bank will exercise the right, which is hereby agreed to by the renter, to consider that a safe is not surrendered until the keys are returned or the combination delivered to the manager of the vault."

On January 22, 1946, while said lease was still in effect, Caroline D. Bullard died testate at Evanston, Illinois. By the terms of her will she described the contents of the aforesaid safe-deposit box as assets belonging to the John H. Bullard trust, of which she was trustee and one of the beneficiaries, and directed that all of the same should be disposed of in accordance with the provisions of such trust. Her will further provided that all her individual property, including any accumulated income derived from the John H. Bullard trust, should go to the trustee of a living trust created by her on June 9, 1942, the beneficiaries of which differed from those of the John H. Bullard trust.

Caroline Bullard's will further provided that Marjorie Kohlsaat, who in her capacity as trustee of the John H. Bullard trust is plaintiff herein, should succeed testatrix as trustee of the John H. Bullard trust, and designated Caroline D. Mehring as executrix under the will of said Caroline D. Bullard. On March 21, 1946, the district court of Ramsey county appointed said Marjorie Kohlsaat as trustee of the John H. Bullard trust to succeed the aforesaid Caroline D. Bullard.

The will of Caroline D. Bullard was never offered or admitted to probate, either here, in Illinois, or elsewhere. No executrix or other representative has ever been appointed under it. At no time prior to the death of Caroline D. Bullard was defendant advised by anyone that the contents of the safe-deposit box belonged to the John H. Bullard trust. Nothing in the lease covering the safe-deposit box or in any other communication prior to the death of Caroline D. Bullard ever disclosed to defendant that Caroline D. Bullard, in renting said safe-deposit box, was acting in other than her individual capacity.

No information was available to defendant as to the source of the contents of said safe-deposit box or as to whether the assets therein

were derived from the income of the John H. Bullard estate, to which Caroline D. Bullard was entitled, or from the principal thereof, which was to go to certain other heirs of said John H. Bullard. The clause in the will of Caroline D. Bullard above referred to and certain assertions made by her prior to her death with reference to the ownership of the property in said safe-deposit box first came to defendant's attention after her death. Prior to this action, no court had ever passed upon the effect of such declarations or assertions, or determined the ownership of the property in the safe-deposit box. No decree was ever made determining the heirs of Caroline D. Bullard who might claim title to the contents of such safe-deposit box adversely to plaintiff herein.

Plaintiff, as previously indicated, is acting as trustee of the John H. Bullard trust. Her predecessor was Caroline D. Bullard, and, while plaintiff has succeeded Caroline D. Bullard in the latter's representative capacity as trustee, she has at no time been designated as the legal representative of said Caroline D. Bullard in her individual capacity, either during her lifetime or subsequent to her death. The order appointing her trustee of the John H. Bullard trust did not designate the properties covered by the trust, nor the location thereof.

Following the death of Caroline D. Bullard, a representative of the county treasurer of Ramsey county, Minnesota, as authorized by M. S. A. 291.20, opened the safe-deposit box and caused an inventory of the contents thereof to be taken. This inventory disclosed that a number of bonds, cash, and securities were registered in the name of Caroline D. Bullard, while other securities were registered in the name of John H. Bullard or the John H. Bullard estate. Shortly thereafter, on March 23, 1946, plaintiff presented to defendant a certified copy of the order appointing her trustee and the key to the box, and requested permission to open it and remove the property therein, on the claim that such property formed a part of the corpus of the John H. Bullard trust, to which she was entitled as trustee. Defendant refused the request, but stated that it stood ready to permit access to the box by the legal representative of Caro-

line D. Bullard or her estate, in accordance with the lease agreement. It contended that plaintiff did not stand in such capacity, and therefore had no right thereunder to demand the contents of said box.

Defendant subsequently proposed that an executor or special administrator be named by the probate court under the will of said Caroline D. Bullard, to whom access to the box would be given and who might be designated as defendant in an action to determine the possessory rights and title to the contents thereof. This proposal was refused by plaintiff. Defendant at all times has been willing to permit such access to the legal representative of the estate of said Caroline D. Bullard.

Following defendant's refusal to permit plaintiff access to said box and to deliver the contents thereof to her as trustee, plaintiff, through her attorneys, notified defendant that if she had possession of such property she would apply to the district court for authority to sell any securities therein which were not legal for investment of trust funds under Minnesota law, and in the event of defendant's refusal to accede to such request she would hold it liable for any damages sustained by reason of her inability to obtain possession of such securities.

Thereafter, on April 18, 1946, plaintiff commenced this action. At the conclusion thereof, the trial court made findings and conclusions in effect determining that title to the contents of the safe-deposit box was in plaintiff, and ordered judgment against defendant for delivery thereof and for $3,045.55 damages for defendant's wrongful detention thereof prior to the action. From the trial court's order denying defendant's subsequent motion for amended findings or a new trial, this appeal is taken.

On appeal, the issue to be determined is whether defendant, in refusing plaintiff's demands, exceeded its authority or violated the terms under which it leased the aforesaid safe-deposit box, and whether it has such possession of the contents of said box as to subject it to liability in a suit by plaintiff in replevin for possession

thereof and damages because of loss sustained as a result of its withholding such possession from her.

1. Examination of the provisions of the lease agreement, and particularly those above quoted, clearly indicates that at no time did defendant violate the terms of such agreement so as to render it liable to plaintiff in this action or otherwise. As previously set forth, the lease provided that "no one shall have access to said safe except the renter or his attorney-in-fact * * * or, in case of death, * * * then his legal representatives." Having made this contract with Caroline D. Bullard during her lifetime, defendant had no authority after her death to surrender possession of the contents of the box covered by said agreement to anyone other than the parties designated in such agreement. Nothing in the agreement required that defendant should surrender such contents to plaintiff as trustee of the John H. Bullard trust, nor was there any provision thereof which established that such contents belonged to anyone other than Caroline D. Bullard. Even had defendant become aware that others were advancing claims therefor, in the absence of a court order or judgment finally determining their rights it was not at liberty to violate its agreement with Caroline D. Bullard. Accordingly, when the demands above described were made upon defendant, no liability followed its refusal to accede thereto. By no authority can we hold that plaintiff, because of her appointment as successor trustee of the John H. Bullard trust, became thereby the legal representative of the estate of Caroline D. Bullard after the latter's death. Plaintiff's official capacity herein is that of trustee of the John H. Bullard trust. The safe-deposit box after the death of Caroline D. Bullard became accessible only to the latter's legal representatives. Neither at the present time nor at any other time has plaintiff qualified as such.

2. Further, not only by virtue of the terms of the lease, but by virtue of this court's decisions with reference to the relationship which exists between the lessor and the lessee of a safe-deposit box, it is clear that defendant at no time was in actual possession of the contents of the safe-deposit box here in question so as to subject it

to liability for the delivery of possession thereof in a suit in replevin. In Wells v. Cole, 194 Minn. 275, 278, 260 N. W. 520, 521, the relationship between a bank and its safe-deposit box customer was defined as follows:

"* * * We believe the relationship here is not that of bailor and bailee because the bank does not have possession and control of the contents of the box. Possession in the bailee is an essential element of a bailment. We believe the relationship established is that of lessor and lessee. The relationship assumed is the same as that which exists where one person rents from another an apartment in a big apartment building or an office in an office building. In all such cases the lessor retains control of the avenues of access. * * *

\* \* \* \* \*

" 'One who rents his building reserving a room kept under lock and key remains the exclusive occupant of the room, although he keeps no key to the building. * * * If the user's control over his [safe-deposit] box is partly dependent upon the free exercise of his right of access to it, interference with the right does not put the bank in possession. Only by the wrong of breaking into the compartment of the box may the bank, lacking the user's consent, obtain possession. And for the bank thus to take possession is as wrongful as for it to break into the user's office and take whatever is found there. * * *' "

It is clear from the foregoing that this action, a possessory action to recover the contents of the box, cannot be maintained by plaintiff herein, who has demonstrated no right to the contents of such box, against defendant herein, who is not in possession thereof. As this court stated in Tozier v. Merriam, 12 Minn. 46 (87):

"An action for unlawful detention of personal property will not lie against one who has neither the possession nor control of the property. His refusal to deliver or to permit the owner to take property not in his possession nor under his control does not make him liable."

Also, the lease agreement here involved specifically defines the relationship between the bank and the renter as that of landlord and tenant. Under the language thereof, the bank could not be considered as bailee or otherwise in possession of the contents of its rented safe-deposit box, except upon default in payment of rental therefor and subsequent proceedings undertaken by the bank, authorized under such circumstances and not here involved. By virtue of the terms of the agreement, the parties fixed the relationship which was to prevail as between them and designated it as that of landlord and tenant. Thereunder, a possessory action for the contents of the box could not be maintained against defendant by plaintiff any more than could a third party, without manifest authority of any kind, maintain a suit against the owner of a building for the recovery of possession of furniture stored therein and belonging to a lessee of that part of the building in which such furniture was stored. Accordingly, defendant was well within its rights in refusing plaintiff's demands, and did not subject itself to liability by virtue thereof.

Reversed with directions to order judgment for defendant.

Mr. Justice Knutson, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.