In the Matter of the Accounting of County Trust Company, as Committee of the Property and Estate of Charles H. Ferguson, an Incompetent Person, Respondent. In the Matter of the Application of Jessie T. Ferguson for Leave to Sue County Trust Company, as Committee of the Property and Estate of Charles H. Ferguson, an Incompetent Person, Appellant. J. Addison Young, 2d, as Special Guardian for Charles H. Ferguson, an Incompetent Person, et al., Respondents.— An intermediate account was filed by the committee of an incompetent appointed by the County Court of Westchester County. Appellant (the incompetent's wife) filed objections in which she claimed ownership of half of the incompetent's assets. Thereafter appellant filed a petition in the County Court asking for leave to sue the committee in the Supreme Court to establish her claim to ownership of an undivided one-half interest in the incompetent's assets, the application being made on the theory that the County Court did not have jurisdiction to determine appellant's claims of title. The application was denied, in the exercise of discretion, on the ground that the County Court has jurisdiction to determine appellant's claims of title. This is an appeal from so much of the order entered on that determination which denies appellant's application. Order, insofar as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. The County Court has jurisdiction to determine the value of the property of the incompetent on the original inquiry into competency, to determine the amount of the committee's bond, to grant the care and management to the committee of such property as is found to be that of the incompetent, and to require the committee to account for the property coming into its hand. (Civ. Prac. Act, § 1358-a subds. 3, 5; §§ 1364, 1365, 1370, 1381, subd. 2.) These powers necessarily require power to determine the nature and extent of the incompetent's property. Furthermore, a proceeding to discover the incompetent's property has been held to be an appropriate and essential step in the preservation of his property. (*Matter of Matson*, 293 N. Y. 476.) The determination of appellant's claims of title should also be held to be an appropriate and essential step in the preservation of the incompetent's property within the meaning of section 1357 of the Civil Practice Act and, therefore, within the jurisdiction of the County Court. Adel, Acting P. J., Wenzel, MacCrate and Beldock, JJ., concur; Schmidt, J., not voting. [See *post*, p. 840.]