UNITED STATES of America,
Petitioner,

v.

FIRST NATIONAL CITY BANK and
Chemical Bank New York Trust
Company, Respondents.

No. M 18 304.

United States District Court,
S. D. New York.

Dec. 31, 1974.

See also, D.C., 388 F.Supp. 1039.

Paul J. Curran, U. S. Atty., Southern District of New York, for petitioner; William Roche Bronner, Asst. U. S. Atty., of counsel.

Shearman & Sterling, New York City, for First National City Bank; Matthew C. Gruskin, New York City, of counsel.

John B. Wynne, New York City, for Chemical Bank New York Trust Company.

R. Kenly Webster, Washington, D. C., and Neal J. Hurwitz, New York City, for Milton F. Meissner.

## OPINION

·MacMAHON, District Judge.

Petitioner moves for an order permitting agents of the Director of International Operations of the Internal Revenue Service (IRS) to have access to certain safe deposit boxes located in respondents' offices. Milton F. Meissner moves for an order permitting him to intervene in this proceeding.

It appears that on April 1, 1974 this court issued an order for the arrest of Milton F. Meissner for failing to appear before a grand jury pursuant to an order of this court. At that time, Mr. Meissner was not present in the United States and he has remained out of this country ever since.

On April 9, 1974, the Director of International Operations of the IRS made a jeopardy assessment against Milton F. Meissner for income taxes due and owing for the tax years 1970 and 1971, pursuant to 26 U.S.C. § 6851(a). Soon thereafter, the taxpayer was given notice of the assessment and payment was demanded.

On April 10, 1974, notices of levy and seizure were served upon respondent First National City Bank with regard to its safe deposit box number 50 at Madison Avenue and 42nd Street in New York City, and respondent Chemical Bank New York Trust Company with regard to its safe deposit box number 238 at 79th Street and York Avenue, also in New York City. Both of these boxes are in Mr. Meissner's name.

Petitioner contends that these safe deposit boxes contain property belonging to Mr. Meissner and that its tax lien has attached to that property. It asserts that, although respondents have sealed the boxes in question, they have refused, in violation of 26 U.S.C. § 6332, to surrender the property in those boxes which the government seeks to reach in satisfaction of the unpaid taxes. Conceding that the safe deposit boxes cannot be opened by usual means, petitioner agrees to bear any expense occasioned by forcible opening of the boxes.

■ Jurisdiction is invoked under 26 U.S.C. § 7402, which authorizes us to issue orders which "may be necessary or appropriate for the enforcement of the internal revenue laws." A summary proceeding is appropriate here, since petitioner does not seek a determination of a property right but merely access to property so that it may seize it following levy, as authorized by 26 U.S.C. § 6326. See generally, New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960).

■ Mr. Meissner seeks to intervene in this proceeding, presumably under Rule 19, Fed.R.Civ.P. If permitted to intervene, he seeks to oppose entry into the boxes on the ground that the government is investigating him with a view to criminal prosecution and to contend that the obtaining of evidence from the safe deposit boxes would constitute an illegal seizure, in violation of his rights under the Fourth Amendment.

Rule 19 compels joinder of a party claiming an interest "relating to the subject of the action," if his nonjoinder would "impair or impede his ability to protect that interest." A determination of the matter before us will in no way impair or impede Mr. Meissner's ability to protect his interests. The Internal Revenue Code permits the taxpayer to sue for a refund if his tax has been wrongfully assessed or collected. 26 U.S.C. § 7422. Moreover, if the government is involved in a criminal investigation of Mr. Meissner he may challenge the legality of the seizure of any evidence obtained from the boxes in that criminal proceeding. Granting the relief sought by petitioner, in Mr. Meissner's absence, will, therefore, in no way impair or impede his ability to protect his interests.

■ Turning now to the merits of petitioner's application, we note that the parties have not cited any cases dealing specifically with the issue before us. Nor has the court, in its independent research, found any cases precisely in point. It is clear, however, that in applying the Internal Revenue Code, we

must look to state law to determine whether a taxpayer has property subject to a tax lien. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585 (1940).

In Carples v. Cumberland Coal & Iron Co., 240 N.Y. 187, 148 N.E. 185 (1925), the court confronted a problem similar to the one before us. There, plaintiff obtained a warrant of attachment against defendant's property and sought entry into a safe deposit box rented by defendant to enable the sheriff to levy on any leviable property it contained. The safe deposit company, like respondents here, refused to permit the box to be opened and plaintiff sought an order permitting the sheriff to break open the box.

The Court of Appeals held that the lower court properly issued an order permitting the sheriff to open the box. It reasoned that a "safe deposit box does not give property placed therein a status which renders it exempt from levy under a warrant of attachment." That principle is equally applicable here.

■■ Placing property in a safe deposit box does not change its nature. It is subject to a tax lien whether in or out of the box. To permit a taxpayer to avoid levy and seizure of property in satisfaction of his tax liability by placing it in a safe deposit box would frustrate the enforcement provisions of the Internal Revenue Code. We cannot permit the taxpayer to shield selected assets from the tax laws simply by placing them in a safe deposit box.

Accordingly, Milton F. Meissner's motion to intervene in this proceeding is denied. Petitioner's motion for an order permitting agents of the Director of International Operations of the IRS forcibly to enter the safe deposit boxes specified above, bearing any expense occasioned by the means of entry, is granted.

Settle order within ten (10) days.