UNITED STATES of America, Plaintiff,

v.

NEW ENGLAND MERCHANTS NATIONAL BANK, Defendant.

Civ. A. No. 72–1345–G.

United States District Court,
D. Massachusetts.

Jan. 29, 1979.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

This case is now before the court on the Government's motion for summary judgment seeking an order that would direct the defendant, New England Merchants National Bank, to permit access by authorized representatives of the District Director of Internal Revenue into a safe deposit box rented by a delinquent taxpayer. The established facts can be briefly summarized as follows. On February 8, 1971 a delegate of the Secretary of the Treasury made an assessment in the amount of $47,360 against Jeffrey F. Perreault for unpaid marihuana transfer tax, made a finding that the collection of the assessment was in jeopardy, gave the taxpayer notice of the assessment and demanded payment. The Government has been able to collect only $305 of the delinquent amount; the taxpayer has failed to pay the remaining $47,055 as well as accrued interest from February 8, 1971 and a $6 lien filing fee.

The taxpayer on February 8, 1971 was the lessee of a safe deposit box located at the defendant bank. Upon the taxpayer's failure to pay the assessment following demand, a notice of federal tax lien issued on February 9, 1971, and a copy was delivered to the defendant. Also on February 9 a notice of levy and a notice of seizure covering the contents of the safe deposit box were served on the defendant.

Believing that it contains leviable property of the taxpayer, plaintiff seeks access to the box. Although the Government has the taxpayer's key, the box can be opened only with the combined use of another key held by the bank, and the bank refuses to cooperate.

The United States commenced this action to compel the defendant's cooperation. The defendant moved to strike its answer and to file an amended answer, which motion was granted at a hearing held on February 27, 1978. The plaintiff filed this motion for summary judgment,[1] which

Wayne B. Hollingsworth, Asst. U. S. Atty., Boston, Mass., Michael B. Dickman, Trial Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Harry T. Daniels, Hale & Dorr, Boston, Mass., for defendant.

---

1. The standard governing summary judgment in this Circuit is summarized in *Gottlieb v. Isenman*, 1 Cir. 1954, 215 F.2d 184, 186:
   The plaintiffs have a right to a trial " . . . where there is the slightest doubt as to the facts." *Peckham v. Ronrico Corporation*, 1 Cir. 1948, 171 F.2d 653, 657; *Landy v. Silverman*, 1 Cir. 1951, 189 F.2d 80.

was also debated at the February 27 hearing. Upon considering the parties' briefs, affidavits and oral argument, the motion is granted for the reason that there is no genuine issue of material fact in dispute and the Government is entitled to judgment as a matter of law. Fed.R.Civ.P., Rule 56(c).

At the outset it will be helpful briefly to summarize the statutory background. The Internal Revenue Code affords the federal government two options for collecting taxes due and owing after the taxpayer has failed to pay following formal assessment and demand for payment. The taxpayer's failure to pay upon demand gives rise to a tax lien, in favor of the United States, which attaches to "all property and rights to property, whether real or personal, belonging to such person [the delinquent taxpayer]." 26 U.S.C. § 6321. The United States may at this stage initiate a plenary civil proceeding pursuant to 26 U.S.C. § 7403 to foreclose the tax lien or to subject property in which the taxpayer has any right, title or interest to payment of the tax; and all persons with liens in or claiming an interest in the property must be joined. 26 U.S.C. § 7403(b).

Alternatively, the United States may pursue the administrative option provided by 26 U.S.C. §§ 6331–6344 and collect the tax by levy upon "all property and rights to property . . . *belonging to such person* [delinquent taxpayer] or on which there is a lien provided in this chapter for the payment of the tax." 26 U.S.C. § 6331(a) (emphasis added). Levy is the equivalent of seizure, and the government is authorized physically to seize the property. 26 U.S.C. § 6331(b). In the event "property or rights to property *subject to levy* upon which a levy has been made" are in the "possession" of someone other than the taxpayer, that person is obligated to surrender the property upon demand, 26 U.S.C. § 6332(a) (emphasis added), or face personal liability for the unpaid assessment and a possible penalty. 26 U.S.C. § 6332(c).

In the instant case, the United States chose the second alternative—levy and distraint—a remedy that operates, for the most part, extra-judicially. See, *G. M. Leasing Corp. v. United States,* 1977, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530. A court order is sought pursuant to 26 U.S.C. § 7402(a) only because inspection and seizure of the contents of the safe deposit box requires access to the box, which access is blocked by the defendant bank.

The defendant presses three objections to the Government's motion: (1) that the absence of possession by the defendant of the contents of the safe deposit box removes the defendant from the reach of 26 U.S.C. § 6332(a) and thus renders improper any order based on a failure to comply with the obligations created by that Section, (2) that the action cannot proceed at all without the taxpayer being joined as a party-defendant, and (3) that the presence of a factual dispute as to the ownership of the contents of the safe deposit box, if any, precludes summary judgment. We discuss each of these arguments in turn.

Defendant's first point—the bank's lack of possession of the contents of the safe deposit box—raises a question of law, not one of fact, and, therefore, does not prevent us from granting summary judgment, since we decide the issue in the Government's favor. The defendant argues as follows: first, 26 U.S.C. § 6332(a), which imposes a duty on third parties to surrender property subject to levy, applies by its terms only when the third party is in "possession" of the property; second, the issue of "possession" is decided by reference to state law, and finally according to Massachusetts law the lessor of a safe deposit box is not in possession of the contents of that box. This tripartite argument is defective in both its second and third premises. Although state law creates the legal interests and rights, federal law controls as to which of those interests and rights are subject to federal tax. *Morgan v. Commissioner,* 1940, 309 U.S. 78, 80–81, 60 S.Ct. 424, 84 L.Ed. 585. By the same token, it would appear that federal law should govern the

determination of whether property subject to levy is in the "possession" of a third party, for any other result would permit states to frustrate the collection of federal taxes. Cf. *Aquilino v. United States,* 1960, 363 U.S. 509, 512–14, 80 S.Ct. 1277, 4 L.Ed.2d 1365. Even if "possession" were in general a question of state law, state law should give way to federal law in circumstances, like those present here, where following the state's rule would frustrate the purposes, terms and uniformity of the controlling federal statutory scheme. See *R. F. C. v. Beaver County,* 1946, 328 U.S. 204, 210, 66 S.Ct. 992, 90 L.Ed. 1172.

Massachusetts law on the question of the bank's possession is unclear. See *Hurley v. Noone,* 1964, 347 Mass. 182, 187, n. 7, 196 N.E.2d 905; *cf.,* 5 Op.Atty.Gen. (Mass.) 688 (1920). *See generally,* Annot. 138 A.L.R. 1137, 1142 (1942); Annot. 133 A.L.R. 279, 280–82 (1940) (majority rule is that lessor of safe deposit box is bailee in possession of contents); Annot. 40 A.L.R. 874 (1926). However, in this case the bank would appear to have sufficient control over the safe deposit box and the surrounding area, to give it "possession" of the contents of the box for purposes of applying 26 U.S.C. § 6332(a). See *United States v. First National City Bank,* S.D.N.Y.1974, 388 F.Supp. 1044, 145–46, aff'd, 2 Cir. 1977, 568 F.2d 853; *cf., Carples v. Cumberland Coal & Iron Co.,* 1945, 240 N.Y. 187, 148 N.E. 185, 186. Otherwise, a taxpayer could insulate his property from levy simply by placing it in a safe deposit box prior to its seizure. *First National City Bank, supra,* 388 F.Supp., at 1046.

■ Regarding defendant's second ground of opposition to the instant motion, viz., failure to join the taxpayer as a party required for just adjudication, Fed.R.Civ.P. Rule 19, it is enough to note that the weight of authority opposes treatment of the taxpayer as a Rule 19 party. The summary nature of the administrative levy and seizure process, justified by the need for speedy collection of taxes and the desirability of encouraging voluntary compliance, see, *Matter of Carlson,* 10 Cir. 1978, 580

F.2d 1365, 1368, ought not be further complicated by making the taxpayer a necessary party to any court action brought pursuant to 26 U.S.C. § 7402(a) only to make possible the seizure of leviable property. *First National City Bank, supra,* 568 F.2d, at 857–58; *United States v. Mellon Bank, N.A.,* 3 Cir. 1975, 521 F.2d 708, 711, n. 11. The final judgment in such an action settles no rights in the property subject to seizure, and the owner of the property has an opportunity for a prompt post-seizure hearing to protect his interests. *First National City Bank, supra,* 388 F.Supp. at 1045; *see, e.g.,* 26 U.S.C. §§ 7422, 7426.

■ Before treating defendant's third contention involving ownership of the contents of the safe deposit box, we consider first a rather difficult threshold question of timing: whether the defendant ought to be permitted to raise the ownership issue as a defense to an action like the instant one brought by the government to seize property or whether assertion of the defense ought to be postponed until post-seizure judicial proceedings. On the one hand, it is well established that a defendant in an analogous action brought by the United States under 26 U.S.C. § 6332(c) to enforce a levy by holding the defendant personally liable for the unpaid assessment may defend by showing that none of the levied-upon property possessed by him belongs to the taxpayer or is subject to a tax lien. E. g., *United States v. Third Nat. Bank & Trust Co.,* M.D.Pa., 1953, 111 F.Supp. 152, 155. Furthermore, the government may search for and seize levied-upon property pursuant to a judicially authorized warrant based on probable cause. See, *G. M. Leasing Corp. v. United States,* 1977, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530; *Matter of Carlson,* 10 Cir. 1978, 580 F.2d 1365. Permitting an ownership defense in an action like the instant case brought under Section 7402(a) might not unduly hamper speedy collection of taxes by the government.

On the other hand, it can be argued that allowing a defendant to dispute the ownership of levied-upon property complicates and delays the summary administrative

process which was intended to be a speedy method of tax collection. Moreover, unlike an enforcement proceeding under Section 6332(c), an action brought under Section 7402(a) to facilitate seizure of property results in no personal liability on the part of the defendant. Hence a showing of probable cause to believe that levied-upon property possessed by the defendant belongs to the taxpayer or is subject to a tax lien ought to be sufficient to obtain an order opening the safe deposit box to government inspection. Cf. *G. M. Leasing Corp., supra;* *United States v. Mellon Bank, N.A.,* 3 Cir. 1975, 521 F.2d 708, 711, n. 15 (dictum). The owner of the property would then be limited to his post-seizure remedies.

Bearing these arguments in mind, we conclude that on the facts of this case consideration of the ownership defense is appropriate. The ownership issue in a case involving seizure of contents of a safe deposit box is relatively simple, and the available evidence is limited. Moreover, because the United States possesses the key to the safe deposit box, the taxpayer is unable to purloin its contents. The need for rapid action, thus, is not as pronounced as in some other cases. Finally, our granting the Government's motion in the face of the ownership defense makes a decision of this question less crucial. On the whole, we feel that thorough analysis of the timing issue should await a case of more urgency, in which the competing policies are in sharper focus.

Turning now to the merits of defendant's third argument, it is clear that Section 6332(a) imposes an obligation on the defendant to surrender only property subject to levy and that according to Section 6331 the property subject to levy is property belonging to the taxpayer or to which a federal tax lien has attached. Therefore, the taxpayer's ownership of property in the safe deposit box (or the presence of proper-

ty subject to a lien) is a necessary condition to any duty on the part of the bank to surrender that property to the United States.

Massachusetts law creates a rebuttable presumption that the contents of a safe deposit box are owned by the lessee of the box, a presumption which is especially strong when the property is currency. *Hurley v. Noone,* 1964, 347 Mass. 182, 187–88, 196 N.E.2d 905, 908 states the rule: [2]

> Possession of property, with the exercise of the rights of ownership, is evidence of title. . . . Proof of Beatrice's [the lessee's] possession of the currency in the box (or of the bank's possession as her bailee for safekeeping) thus established a prima facie case of her ownership.

The Government introduced evidence that the taxpayer leased the safe deposit box at defendant bank. Affidavit of Michael B. Dickman, February 26, 1974, at ¶ 6. We do not understand the defendant to dispute this fact. The Government having made a showing sufficient to support the presumption of ownership, the defendant, in order to avoid summary judgment, must offer evidence that the contents of the box are not owned by the taxpayer or submit a so-called 56(f) affidavit explaining its inability to present, by affidavit, facts essential to justify its opposition. Fed.R.Civ.P., Rule 56(e), (f). Although it had notice of the existence of the presumption, *see,* Defendant's Memorandum In Support Of Motion To Strike and File Amended Answer and In Opposition to Motion for Summary Judgment, at p. 10, the defendant has failed to identify any evidence that it might have in rebuttal, nor has it submitted a 56(f) affidavit justifying this evidentiary gap. Instead it merely asserts its ignorance of the contents of the box. In the face of the presumption of ownership, this showing is quite clearly inadequate. See, *First Na-*

2. Although *Hurley* invokes the familiar proposition that possession is evidence of title, it does not make the presumption of the lessee's ownership depend on the technicalities of the relationship between the bank and the lessee

relative to who has possession of the contents of the box. The bank is treated as a sort of agent of the lessee for purposes of the presumption.

*tional Bank v. Cities Service*, 1968, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569.

There being no genuine issue of material fact for trial and the Government being entitled to judgment as a matter of law, the motion for summary judgment is hereby granted. Judgment shall enter ordering the defendant to allow the Government access to Safe Deposit Box No. 4298 as though the Government were the lessee of that box and to permit removal of its contents.