**T. Kimball HILL, Appellant,**

v.

**UNITED STATES of America, Treasury Department, Internal Revenue Service, District Director of Internal Revenue, Intelligence Division, Lloyd Tucker, Chief Intelligence Division, Corwin B. DeVotie and Edwin H. Wordell, Appellees.**

No. 19518.

United States Court of Appeals Ninth Circuit.

May 6, 1965.

Rehearing Denied June 29, 1965.

James O. Hewitt, Thomas E. Sharkey, Hewitt, Klitgaard & McMahon, San Diego, Cal., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Thomas Silk, Jr., John Gobel, Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an attempted appeal from a district court order which dismissed ap-

pellant's temporary restraining order and denied his motion to return and suppress records. The jurisdiction of the district court was invoked under the alternative grounds of 28 U.S.C. § 1346(a) (2) and Rule 41(e), Federal Rules of Criminal Procedure. Appellant alleges that jurisdiction to hear this appeal rests in this court by virtue of 28 U.S.C. § 1291. Appellees contend that this interlocutory order denying a motion to suppress is not an appealable final order of the district court.

This controversy arose from appellees' investigation of appellant's tax returns for the years 1959 to 1962. Taxpayer-appellant is an oral surgeon, practicing dentistry in San Diego, California. Appellant's 1961 tax return was assigned to Internal Revenue Agent, Corwin B. DeVotie, for routine audit and examination. After an initial examination of appellant's tax return, Agent DeVotie requested a meeting with Dr. Hill at the latter's office. Dr. Hill cooperated fully with Agent DeVotie, and made his office and personal records available for examination.

Following his detailed examination of appellant's records, and after a number of conversations with appellant, Agent DeVotie referred the matter to his superiors for an investigation of possible tax fraud. This initial administrative decision was made by DeVotie after his October 18, 1963 meeting with appellant. As a result of DeVotie's suggestion, Special Agent Edwin H. Wordell was assigned to the case on January 8, 1964.

Wordell was first introduced to appellant on January 22, 1964, when as Special Agent assigned to the case he accompanied Agent DeVotie to appellant's office. There DeVotie introduced Wordell as a Special Agent from the Intelligence Division, and Wordell confirmed this fact to appellant by displaying his commission for appellant's inspection. Wordell explained to appellant that he was assigned to examine appellant's tax returns for the years 1959 through 1962. Appellant assured Wordell that he would continue to cooperate fully.

In the process of his examination, Wordell requested permission from appellant to remove a number of appellant's records and papers to the Internal Revenue Intelligence Division office. Appellant willingly cooperated. On February 26, 1964, appellant, upon request, brought additional documents and records to Wordell's office. It was at this time that appellant was first warned of his constitutional rights—his right to counsel and his right under the Fifth Amendment not to incriminate himself. Appellant nevertheless continued to cooperate fully until March 12, 1964, when he first obtained counsel, and was advised to decline any additional requests for records and documents.

On March 25, 1964, appellant filed a motion for return of seized property and the suppression of evidence and for a temporary restraining order. The temporary restraining order was granted until the court hearing on April 23, 1964. On that date, the district court dismissed the temporary restraining order and denied taxpayer's motion.

The threshold question for our consideration is whether we are possessed of jurisdiction to entertain this appeal. Only if we first determine that the district court order is appealable can we consider appellant's allegations of constitutional infringements.

At the district court hearing of April 23, 1964, the district court judge, in an effort to resolve the issues before him as expeditiously as possible, suggested that the respective counsel work out some mutually agreeable arrangement for the return of appellant's records (R.Tr. 42–43.) Pursuant to this suggestion, and with the assistance of the district court judge (R.Tr. 86–87), an arrangement was devised apparently satisfactory to both parties. The court permitted the Assistant United States Attorney to make copies of the documents the government deemed relevant, on the condition that he at all times make the originals available to the inspection of appellant's counsel. At the conclusion of the copying process, the government was

required to return the originals to appellant "as soon as possible." (R.Tr. 87.) Counsel for appellant made no objection to this arrangement.

Apparently in view of the accord reached regarding the return of appellant's records, counsel for appellant recognized in his brief that the essential jurisdictional question facing this court is "whether denial of a motion to suppress evidence is an independent appealable order." (O.B. 13.) In his reply brief, however, counsel for appellant stated that only *some* of appellant's records were returned to him, and thus the motion is still one for return, as well as one for suppression of evidence. (R.B. 5.) At oral argument, we inquired of appellant's counsel whether in fact some of appellant's records were still in the government's hands, contrary to the mutual arrangement devised under the supervision of the district court. Appellant's counsel replied, in effect, that he did not know which, if any, records had been withheld by the government.

In light of appellant's apparent acquiescence in the court's plan for return of his records, we do not feel it is proper to consider this appeal as one from an order denying appellant's motion to return records. In particular we are unable to consider appellant's motion one to return records when, at oral argument, appellant failed to offer any statement, charge, or proof that the government had not complied with the court's arrangement for return of records. Certainly the evidence in the record of appellant's acquiescence in the court's plan requires appellant to come forward with some evidence, or at least assertion, that the government has failed to comply with that plan. Appellant did not do so. His counsel had not inquired of his client whether the evidence had been returned. He had not inquired of his law partners if the evidence had been returned.

In the absence of any evidence that appellant's records and documents have been withheld by the government, we can conceive of but one other ground upon which appellant could possibly argue that this is an appealable motion for return of records, viz., that this is a motion for return of the *copies* of appellant's records. The transcript clearly indicates that the arrangement conceived by the district court required the government to return appellant's records but permitted the government first to make copies of what it deemed relevant. (R. Tr. 87.) We can draw the reasonable inference that the government does in fact have these copies presently in its possession. If appellant objects to these copies, he will have ample opportunity to move for their supression at any criminal proceeding that may be brought against him. (See discussion, infra.)

We now turn to the question of whether we can entertain this action as an appeal from an order denying a motion to suppress evidence. Appellant contends that the cases have divided sharply on this question. But, he contends, the judicial trend has been to permit appeals from matters which are *independent* of pending criminal matters and hence not dilatory in nature. As supportive of this argument, appellant offers two circuit court opinions and one Supreme Court opinion. In Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), certain exhibits belonging to the petitioner were in the custody of the federal district court. These exhibits had been submitted in a civil suit brought by Perlman which since had been discontinued. The discontinuance was granted, however, on the condition that the exhibits remain in the custody of the court for the use of the United States as part of a criminal action against Perlman. Perlman moved to enjoin the United States Attorney from taking possession of the exhibits and the motion was denied. The United States Supreme Court held Perlman's motion appealable as an independent suit in equity.

In re Brenner, 6 F.2d 425 (2d Cir. 1925) and United States v. Ponder, 238 F.2d 825 (4th Cir. 1954), also involved

independent actions for the return of property. In Brenner, for example, petitioner had had a conviction for violation of the Prohibition Act reversed on appeal. He then moved the court for the return of his liquor supply which had been seized at the time of his arrest. The motion was denied, but the second circuit entertained his appeal and ultimately reversed the district court.

As noted above, unlike the cases relied upon by appellant, the present case no longer is an appeal from an order denying a return of records. Appellant's attempt to appeal is rather from a denial of his motion to suppress evidence in any criminal prosecution which may be initiated in the future. Admittedly, this motion does not involve a dilatory tactic which interferes with the expeditious resolution of a pending criminal matter; and in that respect it is not objectionable to entertain this appeal. Appellant relies upon the Supreme Court decision in Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), to support his assertion of the appealability of an order where it is not attendant to a criminal case *in esse*. But the Court in Di Bella said:

> "Only if a motion is solely for the return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." Id. at 131–132, 82 S.Ct. at 660.

As pointed out by appellees in their brief (p. 12), "DiBella requires *both* a request for return of property *and* independence from the criminal case before the order denying return becomes appealable."

██ All that remains on this attempted appeal is the district court's order denying appellant's motion to suppress evidence. Since this attempt to suppress evidence has developed before any action has even been commenced, and, for that matter, has developed where an action may never even be commenced, we find this motion is nothing more than a premature request. If a criminal prosecution does subsequently take place, appellant can raise a motion to suppress any evidence which the government may have secured in violation of his constitutional rights.

The appeal from the district court order is dismissed.