**HOWFIELD, INC., Appellant,**

v.

**UNITED STATES of America et al.,
Appellees.**

**William H. AHMANSON, as President of
Howfield, Inc., etc., Appellants,**

v.

**UNITED STATES of America et al.,
Appellees.**

**Nos. 22609, 22602.**

United States Court of Appeals
Ninth Circuit.

March 19, 1969.

Walter S. Weiss (argued), of Long & Levit, Goodson & Hannam, Los Angeles, Cal., for appellant.

Joseph M. Howard, Washington, D. C. (argued), Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, John M. Brant, Attys., Washington, D. C., Wm. M. Byrne, Jr., U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before BARNES, CARTER and HUFSTEDLER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

These appeals arise from the dismissal without prejudice of an action brought by Howfield, Inc., a California corporation (formerly Galaxy, Inc.), for the suppression of evidence (No. 22,609), and from the dismissal for lack of jurisdiction of a counterclaim filed by Howfield and its president, William H. Ahmanson, in proceedings against them for the enforcement of four Internal Revenue summonses calling for the production of corporate records. (No. 22,602).

There are two questions before us. (1) In No. 22,609, is the order of the district court dismissing the action of Howfield for the suppression of evidence, without deciding the merits of the complaint, a final appealable order? (2) In No, 22,602, did the appellants, in proceedings to enforce Internal Revenue summonses calling for corporate records, have an adequate remedy at law by opposing enforcement, with the result that the district court correctly dismissed their counterclaim for injunctive relief, and for the convening of a three judge district court to declare 26 U.S.C. § 7602 unconstitutional?

These cases arise as a result of a nationwide criminal investigation conducted by the Intelligence Division of the Internal Revenue Service of the financing of political campaigns in the United States. The investigation concerned the proper reporting of the receipt and disbursement of political contributions by public relations firms acting as campaign managers for political candidates and office holders, as well as whether nondeductible political contributions were illegally claimed as business expenses.

On December 7, 1966, the government served summonses on Howfield as a third party investigatee, and obtained certain corporate records in connection with the investigation of other taxpayers. On January 31, 1967, the government notified Howfield that it was the subject of a criminal investigation, and served four new summonses to obtain records. On April 5, 1967, Howfield brought an action in the district court, alleging that its corporate records had been unlawfully seized, in that they were obtained by fraud; Howfield sought the return of all documents and copies, and the suppression of all evidence thus obtained in any future criminal proceeding. On April 13, 1967, the government returned all of the documents and copies to Howfield, and filed a motion to dismiss the action for suppression; on December 9, 1967, the court granted the government's motion.

On April 5, 1967, the government filed a petition in the district court against

Howfield and Ahmanson, seeking the enforcement of the four summonses which had been served on January 31, 1967, requiring the production of certain corporate records. On December 29, 1967, Howfield and Ahmanson filed a counterclaim alleging that 26 U.S.C. § 7602 (which allows examination of records to determine the correctness of tax returns) had been used unlawfully, and was unconstitutional; they sought an injunction against the use of Sec. 7602 and applied for the convening of a three judge district court to have Sec. 7602 declared unconstitutional. On January 18, 1968, the court dismissed the counterclaim and denied the application for the three judge district court.

## Case No. 22,609

■ Howfield (appellant) contends that the district court's order dismissing the suppression action is a final appealable order; that the court had jurisdiction; and that the court erred in not proceeding to hear the case on the merits. We disagree with the first contention and therefore do not reach the other two.[1]

In dismissing the suppression action, the district court relied on Hill v. United States, 346 F.2d 175 (9 Cir.), cert. denied, 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361 (1965). In *Hill*, the taxpayer moved for the return of documents and the suppression of evidence; the documents were returned and the taxpayer apparently acquiesced in the government's retention of copies; the district court then denied the further relief of suppression. This court, on the basis of DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), held that where the action only seeks suppression of evidence at some future criminal proceeding, and is not joined with a request for return of property, the action may be dismissed as premature. In the instant case all of appellant's property had been returned so that the action was solely a premature request for the suppression of evidence. Appellant cannot complain where compliance with its own demands (returning the property) has the collateral result of extinguishing the right to appeal a non-prejudicial ruling dismissing its action.

Goodman v. United States, 369 F.2d 166 (9 Cir. 1966), relied on by appellant, is distinguished since there the government still held copies of the records against the taxpayer's wishes so that the action seeking *both* the return of property and the suppression of evidence could be maintained and the order appealed.[2]

We conclude that the order was not a final, appealable order. As pointed out in *Hill*, supra, 346 F.2d at 178: "If a criminal prosecution does subsequently take place, appellant can raise a motion to suppress any evidence which the gov-

---

1. Our affirmance of the trial court is not to be read as a holding of lack of jurisdiction of the trial court to entertain the action.

The motion of the government to dismiss in the trial court was based on two grounds, (1) that the court lacked jurisdiction, and (2) assuming jurisdiction to exist, the plaintiff (appellant here) failed to state a claim on which relief would be granted. The final paragraph of the trial court's order reads, "The rationale of Hill v. United States, supra, appears to be controlling here. Therefore * * * the *motion to dismiss [is] hereby* granted."

The trial court was correct in its reliance on Hill v. United States. Plaintiff (appellant) failed to state a claim for relief in that the action was premature.

No evidentiary hearing was required, since the undisputed facts brought the case directly within Hill v. United States, supra.

2. As possibly reflecting on the validity of *Goodman*, see Warden Md. Penitentiary v. Hayden, 387 U.S. 294, 305, 87 S.Ct. 1642, 1649, 18 L.Ed.2d 782 (1967), stating that there is " * * * no possible common law claim * * * for the return of the copies made by the Government of the papers it had seized," and that "The remedy of suppression * * * satisfied that demand." See Meister v. United States, 397 F.2d 268 (3 Cir. 1968).

ernment may have secured in violation of his constitutional rights."

The appeal in No. 22,609 is dismissed for lack of appellate jurisdiction.

## Case No. 22,602

Howfield and its president, Ahmanson (appellants) contend that the district court erred in dismissing their counterclaim for injunctive relief, and for the convening of a three judge district court. Again, we disagree.

■ It is clear that summonses to examine taxpayer's records, obtained pursuant to 26 U.S.C. § 7602, may be used even where their purpose is allegedly to uncover crime, when no criminal case is actually pending against the taxpayer. Boren v. Tucker, 239 F. 2d 767 (9 Cir. 1956). The four summonses served on appellants on January 31, 1967, pursuant to Sec. 7602, could only be enforced in an action brought by the government, pursuant to 26 U.S.C. § 7402(b). During the enforcement proceeding all defenses of the taxpayer, including constitutional ones, could be raised, argued, and passed on by a neutral judicial officer. Thus, appellants have an entirely adequate remedy at law by opposing or defending against the summons enforcement petition; the matter is under submission to the district court; appellants will suffer no prejudice by following this course; equitable intervention and injunctive relief were therefore unnecessary. Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). Moreover, appellants have no standing to prevent the acquisition of information from independent third party witnesses by enjoining the use of Sec. 7602, regardless of any right appellants might have to suppress the use of such evidence against them in a future criminal proceeding.

■ Since there were no grounds for injunctive relief, the district court properly dismissed the counterclaim without the convening of a three judge district court, regardless of whether a substantial question concerning the constitutionality of Sec. 7602 exists. Carrigan v. Sunland-Tujunga Telephone Co., 263 F.2d 568, 573 (9 Cir.), cert. denied, 359 U.S. 975, 79 S.Ct. 893, 3 L.Ed.2d 841 (1959).

■ A district judge may make the initial determination that the constitutional issue raised is patently insubstantial. Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, (1933); Wicks v. So. Pacific Co., 231 F.2d 130, 134–135 (9 Cir.), cert. denied Wicks v. Brotherhood of Maintenance of Way Emp. Southern Pacific Co., 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471 (1956).

■ We do not believe there is any substantial question concerning the constitutionality of Sec. 7602.[3] The Fourth Amendment does not forbid the issuance of a summons which can only be enforced upon application to a neutral judicial officer.

The order of the district court in No. 22,602 is Affirmed.

3. The Supreme Court has recently scrutinized Sec. 7602 and related sections in cases involving the fraud aspect of an investigation and expressed no doubts as to its constitutionality. Reisman v. Caplin, supra; United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); See Hannah v. Larche, 363 U.S. 420, 441, 443 and appendix 454–485, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960).