**UNITED STATES of America and Gabriel Dennis, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**William H. AHMANSON, as President, of Howfield, Inc., a/k/a Galaxy Inc., a/k/a Galaxy Advertising Inc., and Howfield, Inc., a/k/a Galaxy, Inc., and a/k/a Galaxy Advertising, Inc., Respondents.**

**No. 23673.**

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1969.

Walter S. Weiss (argued), Goodson & Hannam, Los Angeles, Cal., for appellants.

Joseph M. Howard (argued), Mitchell Rogovin, Asst. Atty. Gen., Washington, D. C., Wm. Matthew Byrne, Jr., U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

The United States and Gabriel Dennis, Special Agent of the Internal Revenue Service (Service), brought these proceedings, pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954 (Code), to enforce four Service summonses. The summonses were directed to Galaxy, Inc., now known as Howfield, Inc., and William H. Ahmanson, president of that corporation.

The corporation and Ahmanson resisted enforcement of the summonses on two grounds. The first of these was that the investigating agents were guilty of fraud and deceit in the conduct of their investigation since they allegedly maintained that Galaxy was not the subject of a criminal tax investigation until January 31, 1967, whereas in fact Galaxy first became the subject of a criminal tax investigation during the summer of 1966. This alleged fraud and deceit, the corporation and Ahmanson argued, constituted an unlawful search and seizure in violation of the Fourth Amendment. The second ground on which the corporation and Ahmanson resisted enforcement of the summonses was that, apart from fraud and deceit, the summonses are not enforceable because they were issued for the purpose of obtaining evidence for use in a criminal proceeding without the prior approval of a disinterested judicial officer.

Additional background facts pertaining to these proceedings are set forth in the opinion of this court in Howfield, Inc. v. United States, 9 Cir., 409 F.2d 694.

After extensive hearings herein, the district court entered an order requiring production of certain corporate records for examination by the Service and requiring Ahmanson to appear before Dennis to give testimony concerning the corporation's tax liabilities. The order provides that Ahmanson may assert any constitutional privilege with respect to any question propounded. Ahmanson and the corporation appeal.

█ Appellants argue that the district court erred in restricting their discovery and proof to events prior to January 31, 1967, when the summonses were issued; in quashing ex parte process designed to elicit evidence in support of their contentions; and in refusing to permit reopening of the record to allow inclusion of statements made by Government attorneys in an unrelated court proceeding.

These were procedural matters calling for an exercise of sound discretion by the district court. We are not convinced that there has been an abuse of that discretion in any of the actions referred to above.

█ Appellants contend, in effect, that the finding of the trial court that appellants were not the victims of fraud or deceit, is clearly erroneous. However, the trial court's finding has sufficient basis in the record, and we therefore uphold it.

█ Appellants also urge, in effect, that an administrative summons issued pursuant to section 7602 of the Code is a device intended solely for use in civil investigations into the correctness of returns and tax liabilities, and that its use in a criminal investigation violates Fourth Amendment guarantees. A similar contention was rejected by this court in Boren v. Tucker, 9 Cir., 239 F. 2d 767, 772, and in Howfield, Inc. v. United States, 9 Cir., 409 F.2d 694. Ap-

pellants assert that Boren (and presumably Howfield) should be overruled. We do not agree. In our opinion, neither Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, decided June 23, 1969, nor any other authority cited by appellants, requires reëxamination of Boren and Howfield.

The order under review is affirmed. The mandate shall issue forthwith.