**UNITED STATES of America and Phil N. Weinard, Special Agent, Internal Revenue Service, Appellees,**

v.

**John DIRACLES, as Administrative Partner of Arthur Young and Company, Stanley B. Slocum, Appellant.**

**No. 20495.**

United States Court of Appeals, Eighth Circuit.

March 11, 1971.

Lang & Pauly, Robert L. Smith, Minneapolis, Minn., for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, John M. Brant, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellees; Robert G. Renner, U. S. Atty., Joseph T. Walbran, Asst. U. S. Atty., of counsel.

Before MATTHES, Chief Judge, CLARK, Associate Justice *; and BRIGHT, Circuit Judge.

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.

PER CURIAM.

This is an action under Sections 7402 (b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C., which vests jurisdiction in the United States District Courts to enforce summonses issued under the internal revenue laws. The United States of America and Phil N. Weinard, Special Agent of the Internal Revenue Service, seek an Order requiring John M. Diracles, Administrative Partner of Arthur Young and Company, to obey an Internal Revenue summons served upon him to produce the files, records, work papers and testimony pertaining to certain acquisitions and audits of American Credit and Security Company, Business and Professional Services Bureau, Inc., Credit Managers Service Inc., St. Paul and Credit Managers Service Inc., New York.

The appellant, Stanley B. Slocum, a former President and majority stockholder of each of the four corporations sought to intervene under Rule 24(a), Fed.R.Civ.Procedure.[1] The audits had been made by Arthur Young and Company for Commonwealth United Corporation which was seeking to acquire the four corporations. The District Court denied the application to intervene and ordered compliance with the summons. We affirm.

The appellant sought a hearing to test out *inter alia* the sufficiency of the affidavit on which the summons was based. The appellant's reliance on Rule 24(a) and Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), United States v. Benford, 406 F.2d 1192 (C.A. 7 1969) and United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), is misplaced. Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) decided recently by the Supreme Court, is dispositive of this case. The affidavit complained of here is indistinguishable from the one held sufficient to support a valid summons in *Donaldson*. As there, the taxpayer here has no proprietary interest in the records of the four companies sought; nor are the records in the hands of the taxpayer or his counsel or anyone else enjoying a confidential relationship or privilege. They are in the hands of an accountant who is willing, along with his principal, to produce them. There is no indication that the sole objective of the summons is to gather evidence for criminal prosecution. The case therefore comes squarely within the rule of *Donaldson*. The Judgment is affirmed.

1. Rule 24(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.