**UNITED STATES of America, Plaintiff,**

v.

**Leonard S. MARYANS,
et al., Defendants.**

**No. S92–401M.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 29, 1992.

Steve Cole, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

Richard Walsh, Chicago, Ill., Thomas K. Caldwell, Deputy Atty. Gen., Indianapolis, Ind., Timothy J. Abeska, South Bend, Ind., for defendants.

Stephen A. Seall, South Bend, Ind. (Court appointed guardian ad litem).

### MEMORANDUM AND ORDER

MILLER, District Judge.

On July 10, this cause came before the court on the government's petition for writ of *ne exeat republica* against defendant Leonard Maryans. After the government's first witness testified, the government sought to call Mr. Maryans as an adverse witness, and a substantial issue arose concerning Mr. Maryans' mental competency to waive or exercise his right against self-incrimination. The hearing was adjourned to the following day to allow counsel and the court to consider the proper method of addressing such an issue in a civil proceeding. After hearing argument, the following day, the court appointed a psychiatrist, pursuant to Federal Rules of Civil Procedure 17(c) and 35 and Federal Rule of Evidence 706, to examine Mr. Maryans and report to the court concerning his mental competency.

On Monday, July 13, after reviewing the expert's report, the court found that Mr. Maryans was not competent, and indicated that a guardian *ad litem* would be appointed. Mr. Maryans' counsel moved for Mr. Maryans' release from custody. Noting *United States v. Shaheen*, 445 F.2d 6 (7th

Cir.1971), and noting further that the sole authority for the defendant's custody appeared to be *United States v. Clough*, No. C–73–2105, 1974 WL 517 (N.D.Cal. Jan. 11, 1974), in which the defendant was held in custody for only a few weeks, and noting further that the conditions of Mr. Maryans' criminal probation already forbade travel from the country, the court, over the government's objection, vacated in part the writ heretofore ordered, directing that Mr. Maryans be released from custody, but forbidding him from leaving the country pending the completion of the hearing on the government's petition for writ of *ne exeat republica.*

The government also requested that the court appoint a conservator rather than merely a guardian *ad litem;* the court reserved ruling on that request to the time of appointment to allow research into the request.

Proper application of Indiana law requires the court to view the government's request as one for a general guardian. IND. CODE 29–3–1–6. When an incompetent litigant has no duly appointed representative, Federal Rule of Civil Procedure 17(c) authorizes courts to appoint a guardian *ad litem* and to make "such other order as it deems proper for the protection of the ... incompetent person." The court's research has disclosed no cases in support of the proposition that the quoted language authorizes appointment of a general guardian; such authority would interfere unduly with state probate and guardianship laws. The few cases that can be found suggest that the authority granted by Rule 17(c) is more limited. *See, e.g., Ruppert v. Secretary of Health and Human Services,* 671 F.Supp. 151, 172 (S.D.N.Y.1987), *aff'd in part, rev'd in part on other grounds,* 871 F.2d 1172 (2nd Cir.1989); *Blackwell v. Vance Trucking,* 139 F.Supp. 103 (E.D.S.C. 1956); *In re Ryan,* 47 F.Supp. 10, 13 (E.D.Penn.1942); *Southern Ohio Savings Bank & Trust Co. v. Guaranty Trust Co. of New York,* 27 F.Supp. 485, 486 (S.D.N.Y. 1939); *see generally* 6A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1570 n. 5 (1990).

It should be noted further that appointment of a general guardian would raise serious concerns for principles of federalism; federal courts lack probate jurisdiction, even in cases that otherwise would fall within diversity jurisdiction. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Dragan v. Miller,* 679 F.2d 712, 713 (7th Cir.1982). Finally, the court's authority under Rule 17(c) extends only as far as necessary to protect the incompetent's interest. *Blackwell v. Vance Trucking,* 139 F.Supp. 103 (E.D.S.C.1956); 6A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1570 nn. 18, 19 (1990). While the government's interest in a general guardian is easily discerned, Mr. Maryans' interest in such an appointment is less apparent.

The government also relies upon 26 U.S.C. § 7402(a), but the court has found no case law to provide any greater support under that provision than under Rule 17(c). *See also United States v. Mellon Bank, N.A.,* 521 F.2d 708, 711 (3rd Cir.1975) ("Although the statute gives broad power to enforce the internal revenue laws, it has been applied in almost no cases.").

Accordingly, the court denies the government's motion to appoint a general guardian or conservator rather than a guardian *ad litem.* The court expresses no opinion on any motion for appointment of a receiver or for an order of repatriation of assets; no such relief has been sought.

The court now appoints Mr. Stephen A. Seall, 6th Floor, 100 N. Michigan Street, South Bend, Indiana 46601, as guardian *ad litem* for defendant Leonard Maryans in this cause, pursuant to Federal Rule of Civil Procedure 17(c). The court reporter shall furnish Mr. Seall with a transcript of the proceedings to date on the government's petition for writ of *ne exeat republica,* and the hearing on the petition shall be resumed as soon as it can be scheduled conveniently, with due regard for the schedules of the court, counsel, and the guardian.

SO ORDERED.